**HILL v. HILL.**

No. 3030.

Court of Civil Appeals of Texas. Waco.

May 22, 1952.

Howard Dailey, Dallas, for appellant.

John B. McNamara, Jr., Waco, for appellee.

HALE, Justice.

A non-jury trial of this cause resulted in judgment granting a divorce to appellee and decreeing a division of the community property belonging to her and her former husband. The only question presented on the appeal is whether the trial court abused the discretion vested in it under Art. 4638 of Vernon's Tex.Civ.Stats. by dividing the property of the parties in the way it was divided.

The record before us does not contain any findings of fact and conclusions of law or any request therefor. Consequently, in deciding whether the trial court abused its discretion to the prejudice of appellant in dividing the community estate as it was divided, we must consider the evidence as a whole and all reasonable inferences and deductions that may properly be drawn therefrom in the light most favorable to appellee, bearing in mind that it was within the province of the court below to pass upon the credibility of the witnesses and the weight to be given to their testimony. While the trial court was vested with wide discretionary power in dividing the property in such way as he deemed just and right, it was the duty of the court to exercise his discretion in that respect with due regard to the rights of each party. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Blackburn v. Blackburn, Tex.Civ.App., 163 S.W.2d 251; Wilson v. Wilson, Tex.Civ.App, 225 S.W.2d 236.

Appellant filed in the cause a sworn inventory of the assets and liabilities of the estate in which he listed certain real estate, personal property and debts due and owing. Among the items of personal property listed as assets was an unitemized statement of accounts receivable of approximately $4,000, an unitemized statement of merchandise amounting to $501.29, and cash in the bank of approximately $150. The total amount of the itemized debts listed as due and owing was $5,608.91. On the trial the parties stipulated other items of real estate and personal property to be of values as follows: 156 acres of farm land, $8,000; three store buildings and two lots with furniture and fixtures, $5,250; dwelling house and two lots, $3,000; two automobiles, $1650; household furniture and fixtures, $250.

In the decree of partition the court awarded to appellee the 156 acres of farm land, the household furniture, one-half of the cash in the bank and a certain judgment for $200 against some of her relatives. The court awarded to appellant the

three store buildings and two lots with furniture and fixtures, the stock of merchandise, the accounts receivable, the dwelling house and two lots, the two automobiles and one-half of the cash in the bank, directing that appellant pay all the debts of the estate. If the information appearing in the sworn inventory filed by appellant be regarded as true, the court was warranted in finding from the facts recited therein and from the facts stipulated by the parties that the total value of the property awarded to appellee was the sum of $8,525 and the total value of the property awarded to appellant, after deducting therefrom the amount of the debts of the estate, was the sum of $8,767.38.

As we understand appellant's brief, his chief complaint is that the trial court placed a value of $4,000 on the accounts receivable, notwithstanding his testimony on the trial to the effect that they were not worth more than $250. He argues that he will have to pay all the itemized debts of the estate as shown by his sworn inventory, but that he will not be able to collect all the unitemized accounts receivable as described in the inventory. In his testimony he admitted in effect that he might have underestimated the value of some of the unitemized accounts receivable, and that he might have overstated some of the itemized debts which he had listed as due and owing. He and appellee were the only witnesses who testified upon the trial. There was evidence to the effect that after 35 years of married life, which the parties had spent in accumulating their community estate, appellant is a strong, robust man, while appellee, by reason of a tubercular condition, is in very poor health. Appellant does not question the sufficiency of the evidence to show that he was guilty of such cruel treatment toward appellee as to render their further living together insupportable, thereby necessitating an equitable division of their property by judicial decree.

In the absence of any findings of fact and conclusions of law, we do not know what value the trial court might have placed upon the accounts receivable, or what he might have found to be the total amount of the debts due and owing by the estate, or what balancing of equities he might have considered in arriving at his conclusion as to how the property should be justly divided. Viewing the evidence as a whole in the light most favorable to sustain the judgment, as it is our duty under the circumstances to do, we cannot say the value of the moiety of the estate awarded to appellee was greater than the net value of that which was awarded to appellant or, if so, that the trial court abused his sound judicial discretion in dividing the property between the parties in the way he did. 15 T. J. p. 582, § 107; Earnest v. Earnest, Tex.Civ.App., 223 S.W.2d 681; Sterrett v. Sterrett, Tex. Civ.App., 228 S.W.2d 341 and authorities.

Therefore, the judgment appealed from is affirmed.

LESTER, C. J., took no part in the consideration or disposition of this case.