**John S. KIRKHAM, Appellant,**

v.

**Bonnie Jean KIRKHAM, Appellee.**

**No. 13606.**

Court of Civil Appeals of Texas.

San Antonio.

April 20, 1960.

Pope & Pope, Rio Grande City, for appellant.

Johnson, Hester, Jenkins & Toscano, Harlingen, for appellee.

BARROW, Justice.

This is an appeal from a judgment granting a divorce to appellee, Bonnie Jean Kirkham, from appellant, John S. Kirkham, awarding custody of the minor child to appellee, providing for support of such child, dividing certain community property, and awarding to appellee a thirty per cent interest in and to the retired pay account of appellant, earned by him as a member of the Armed Forces of the United States of America over a period of twenty-two and one-half years of military service.

Appellant attacks the judgment on three points:

1. That the Court erred in finding that the retired pay account of the appellant was community property of the appellant and appellee.

2. That the Court erred in granting and setting aside to appellee Thirty (30%) per cent of said retired pay account.

3. That the Court erred in providing for a money judgment as against appellant in the event Federal Statutes or regulations direct payment to plaintiff of her share of such retired pay account.

We overrule all three points.

It appears from the record that the parties accumulated little community property during their marriage, other than the retirement pay of appellant. The retirement pay account is not a gift or gratuity accruing to appellant, but is an earned property right which accrues by reason of his years of service in military service. The earnings of the husband during marriage are community property. Art. 4619, Vernon's Ann.Civ.Stats.

■ The record shows that appellant's retired pay account has accrued by reason of twenty-two and one-half years of service, ten years of which were served prior to his marriage to appellee, and twelve and one-half years during their marriage. Appellant contends that appellee is only entitled to an undivided 27.8% interest in the account, when properly calculated. That contention is overruled. Art. 4638, Vernon's Ann.Civ.Stats., provides that the court in pronouncing a decree of divorce shall also order a division of the estate of the parties in such way as the court shall deem just and right. As respects a partition of the community estate of the parties a wide discretion is vested in the trial court. Eaton v. Eaton, Tex.Civ.App., 226 S.W.2d 644; Earnest v. Earnest, Tex.Civ.App., 223 S.W.2d 681; Barry v. Barry, Tex.Civ.App., 162 S.W.2d 440.

In regard to that part of the judgment which provides for a money judgment against appellant for appellee's share of future retirement payments, we find that the trial court, in the exercise of his discretion, has authority to enter such a judgment. Berg v. Berg, Tex.Civ.App., 115 S.W.2d 1171; Keton v. Clark, Tex.Civ.App., 67 S.W.2d 437.

Finding no error, the judgment is affirmed.