Flora Mae MORA, Appellant,

v.

Gilberto R. MORA, Appellee.

No. 14651.

Court of Civil Appeals of Texas.

San Antonio.

May 15, 1968.

Rehearing Denied June 19, 1968.

Bonilla, DePena, Read & Bonilla, Hector DePena, Corpus Christi, for appellant.

Eduardo E. DeAses, Corpus Christi, for appellee.

CADINA, Justice.

The challenged judgment is one granting appellee, Gilberto R. Mora, plaintiff below, a divorce from appellant, Flora Mae Mora, and partitioning the community estate of the parties.

By her first two points appellant contends that, under the evidence, the trial court should have denied appellee's prayer for a divorce and should have granted her a divorce on her cross-action.

■ There is no reason to detail the evidence heard by the trial court. We have before us a situation, not unusual in divorce litigation, where each party testified that the other party, while the recipient and beneficiary of affection, kindness and forbearance, nevertheless, was guilty of behavior which only a martyr could be expected to tolerate. While appellant's testimony, if true would entitle her to a divorce, the judgment reflects that the court below believed the testimony of appellee. Such testimony supports the action of the trial court in granting appellee a divorce.

Appellant next complains of the failure of the trial court to find that a portion of appellee's interest in a military service retirement plan was the community property of the parties.

The judgment, after reciting that the community estate consisted solely of items of personal property enumerated in the judgment, divided such items between the parties. The enumeration made no mention of the interest in the retirement plan, and it is plain that the trial court concluded that such interest was not community property.

At the time of trial, appellee had completed 25 years and 8 months of service in the United States Marine Corps. The last 14 years and 8 months of such service had been rendered while appellant and appellee

were married. According to appellee's testimony he was eligible for retirement at the time of trial and, in the event of such retirement he would be entitled, on the basis of his service until the date of trial, to receive retirement pay in the amount of $389.00 per month.

■ Despite an early tendency to view retirement and pension plans as a gratuity bestowed by a generous employer upon retiring employees for long and faithful service, the courts today regard retirement plans as a mode of employee compensation. Lee v. Lee, 112 Tex. 392, 247 S.W. 828 (1923); Kirkham v. Kirkham, 335 S.W.2d 393 (Tex.Civ.App.—San Antonio 1960, no writ); Inland Steel Co. v. N.L.R.B., 170 F.2d 247, 12 A.L.R.2d 240 (7th Cir., 1948, cert den., 336 U.S. 960, 69 S.Ct. 887, 93 L. Ed. 1112). As this Court held in Kirkham, appellee's interest in the retirement plan is an earned property right which accrued by reason of his military service and, under Article 4619, Vernon's Ann.Civ.St., the portion earned during marriage constitutes community property. 335 S.W.2d at p. 394.

■ It is true that, at the time of the trial, appellee had not retired from the military service and that he would be entitled to no payments until his actual retirement. However, since he had served in the Marine Corps for a length of time sufficient to entitle him to retirement benefits, he has obtained a property right which is vested even though the benefits were not payable at the time the divorce was granted. Herring v. Blakeley, 385 S.W.2d 843 (Tex. Sup., 1965), noted 19 S.W.L.J. 370.

■ Appellee points out that the retirement plan considered by the Supreme Court in Herring apparently contained no forfeiture provisions, while the testimony in this case shows that appellee's rights under the retirement plan would be forfeited if he received a dishonorable discharge or died while he was still in the service. However, the fact that appellee's rights

may be forfeited if certain contingencies should occur prior to his retirement does not divest such rights of their status as property which is subject to the community property laws of this State. Hughes, Community Property Aspects of Profit-Sharing and Pension Plans in Texas, 44 Tex.L.Rev. 860, 869 (1966). Cf. Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470 (1945), concerning the interest of a beneficiary under a policy of life insurance.

The fact that a right may be forfeited does not reduce it to the base status of a "mere expectancy." Only rights in existence can be forfeited. A forfeiture provision in a trust is in the nature of a condition subsequent. Chicago, T. & M. C. R. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472 (1892); Stevens v. Galveston, H. & S. A. R. Co., 212 S.W. 639 (Tex.Comm'n App. 1919). The contingencies relied on by appellee in support of his argument that his interest in the retirement plan is not "property" merely make his interest subject to divestment. It is, nevertheless, a property interest and not a mere expectancy.

We do not have a situation here, such as that involved in Allen v. Allen, 363 S.W.2d 312 (Tex.Civ.App.—Houston 1962, no writ), where, by virtue of the language of an applicable federal statute, the Houston Court of Civil Appeals concluded that it was deprived of power to partition the anticipated retirement benefits. Our attention has been called to no federal statute or regulation which would divest this Court of power to make necessary orders affecting the retirement benefit as part of the property settlement in a divorce action.

■ We conclude that the trial court erred in dividing the community property of the parties without taking into account, as a community asset, that part of the interest in the retirement plan which was earned while the parties were man and wife.

In Kirkham, this Court approved a money judgment against the husband for the

wife's share of future retirement payments. A proper valuation of the community interest in this case is, obviously, not free of complications. A proper valuation must take into account the possibility that appellant might, despite a record of military service which appellant conceded to be "excellent," be dishonorably discharged, or that he might die while in the service. In addition, there is the problem of determining present value as against future value. This problem is particularly troublesome where it is contemplated that the husband will make an immediate cash settlement in payment of the wife's interest.

However, in partitioning the community estate, a trial court is vested with a wide discretion. Perhaps the trial court may conclude that considerations of fairness to both parties compel the entry of a decree that the husband pay the wife her portion of the retirement benefits if, as, and when he receives them. We know of no reason why a divorce court would lack power to enter such a decree. See Hughes, op. cit., 44 Tex.L.Rev. 860, 881.

The community interest in the retirement plan can be mathematically ascertained. Appellee's interest was earned as the result of 308 months of military service, including 176 months of service while he was married to appellant. The interest of the community in the plan is, therefore, represented by the fraction $176/308$. Should the court conclude that an equal division of such community interest is called for under all the facts and circumstances of the case, the wife is entitled to receive $88/308$ of $389.00, the amount which appellee would have been entitled to receive had he retired on the date of trial, if, as, when and during the time that appellee receives retirement payments.

The divorce aspects of this litigation are severed from the remainder of the cause, and that portion of the judgment granting appellee a divorce is affirmed. The portion of the judgment partitioning the community estate is reversed and that part of the case is remanded to the trial court for further proceedings not inconsistent with our holding concerning the community's interest in the retirement plan. Nothing in this opinion is intended to limit in any way the trial court's discretion in determining what would constitute a fair and equitable partition of the community estate under the facts and circumstances of this case.