**Lindabeth COX, Appellant,**

**v.**

**Clyde R. COX, Jr., Appellee.**

**No. 14752.**

Court of Civil Appeals of Texas.

San Antonio.

March 26, 1969.

Rehearing Denied April 24, 1969.

Bruce Youngblood, Harless, Bailey & Youngblood, Dallas, for appellant.

Carter, Callender, Onion & Branton, San Antonio, John G. Murray, Pearsall, for appellee.

BARROW, Chief Justice.

This is an appeal from a judgment after a jury trial[1] granting a divorce from appellant. Although the divorce was vigorously contested on the merits, all of appellant's eleven points on this appeal relate to property questions.

The parties were married on October 24, 1964, and separated on August 11, 1967. A daughter was born of this marriage on December 12, 1965, and appellant was granted custody of said child. The court found that the parties owned community property of the value of $14,960.80 and ordered it divided equally between them. Appellee or the parties owned a one-third interest in a farming and ranching partnership with appellee's father, which interest was the primary asset owned by the parties, either jointly or separately. The thrust of this appeal is directed toward the court's deter-

1. The jury returned a verdict substantially as follows:

1. Defendant has been guilty of excesses, cruel treatment and outrages toward plaintiff of such a nature as to render their living together insupportable.

2. Plaintiff did not condone the prior acts of defendant.

3. Plaintiff was not guilty of misconduct and cruelty toward defendant of the same general character and kind as that alleged against her.

4. Conditionally submitted and unanswered.

5. The present capital investment account of plaintiff is greater than the capital investment contributed to the partnership account.

mination that such partnership interest was entirely the separate property of appellee.

There was very little testimony relating to this partnership interest. Appellant took the position that since appellee had not pleaded that same was his separate property, he could not introduce evidence to that effect and appellant objected to all such evidence. The trial court overruled such objections and permitted appellee to testify that although the written partnership agreement was signed on December 30, 1964, the agreement was actually formed in January, 1964. He was corroborated by a provision in the written agreement that it was executed as of January 1, 1964, and by the testimony of an independent bookkeeper who kept books for the partnership. Also, appellant testified that appellee was working with his father at the time of their marriage. The only evidence as to the value of said partnership interest came from the bookkeeper who testified as to the value based upon said partnership's 1967 income tax return.

At the conclusion of the evidence, the trial court stated that there was no contested issue to go to the jury on the partnership interest. The court, nevertheless, submitted Issue No. 5, and in response thereto the jury found that the capital investment account of appellee at the time of trial (February 28, 1968) was greater than his original investment in said partnership. The court refused to submit appellant's requested issue which inquired as to the reasonable market value of said partnership at the time of trial. In the judgment, the trial court found that appellee had acquired his one-third interest in the partnership prior to the marriage and that said partnership kept accurate records and books by an independent and disinterested bookkeeper. The court concluded that said partnership interest was the separate property of appellee.

Appellant urges that we should hold, as a matter of law, that said one-third partnership interest is community property, in that there are no pleadings, evidence or jury findings to rebut the statutory presumption that same is community property. Other points complain of the court's refusal to submit appellant's requested issue, and in making findings of fact although a jury had not been waived. She also asserts that the property partition is manifestly unfair and unjust in the court's conclusion that this one-third partnership interest is entirely the separate property of appellee and then dividing the other property equally.

Appellee's first amended petition filed on November 14, 1967, did not mention the partnership interest. He alleged only that "some community property had been accumulated by parties" and requested the court to make a fair and equitable division of same unless the parties reached an amicable agreement. On December 1, 1967, appellee filed a sworn inventory and claimed as his separate property an undivided one-third interest in said partnership, of the value of $2,222.55. Appellant filed an amended answer on February 26, 1968, which was the day the case proceeded to trial, and alleged that said partnership interest was community property.

■ Since under the undisputed evidence this partnership interest was possessed by the parties at the time of the divorce, Art. 4619, Vernon's Ann.Civ.St., created a rebuttable presumption that such interest was the community property of the parties, and imposed the burden upon appellee to prove the contrary by satisfactory evidence. Tarver v. Tarver, 394 S.W.2d 780 (Tex.Sup.1965); Kirtley v. Kirtley, 417 S.W.2d 847 (Tex.Civ.App.—Texarkana 1967, writ ref'd n. r. e.). Appellee should have alleged that same was his separate property, as well as the basis for such claim. Weatherall v. Weatherall, 403 S.W.2d 524 (Tex.Civ.App.—Houston (1) 1966, no writ); Lowery v. Lowery, 136 S.W.2d 269 (Tex.Civ.App.—Beaumont 1940, writ dism'd); Bobbitt v. Bobbitt, 223 S.W. 478 (Tex.Civ.App.—Amarillo 1920, writ dism'd). We have been cited to no authority and have found none to support appellee's contention that his sworn inventory dispensed with the necessity of pleading this

claim. However, appellant's pleading showed the existence of such property, and under Art. 4638, Vernon's Ann.Civ.St., the court was then required to partition same. In doing so, the court is given the discretion to partition the property in such manner as may be just and right under all the facts and circumstances in the record. Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299 (1960); Nelson v. Nelson, 436 S.W.2d 200 (Tex.Civ.App.—Dallas 1969, no writ). This discretion authorized the court to hear evidence relating to said partnership interest.

The trial court erred, however, in concluding that all the one-third partnership interest was the separate property of appellee. There is no basis in the record to support appellee's contention that a jury trial was waived by both parties on the fact issues relative to the partition of the community property. One issue was submitted on this phase of the case and another was requested by appellant but refused by the court. The evidence is uncontroverted that appellee had some interest in the partnership at the time of the marriage, or, in any event, such interest was a gift to him from his father. The jury found that appellee's interest in the partnership account was greater at the time of the divorce than at the outset. There is evidence more than a scintilla to support such a finding when the record is examined under the no evidence test.

The general rule is that to overcome the statutory presumption that property in possession of the parties at the time of the divorce is community property, a spouse must trace and clearly identify property claimed as separate property, and when the evidence shows that separate and community property have been so commingled as to defy resegregation and identification, the burden is not discharged. Tarver v. Tarver, supra; Kirtley v. Kirtley, supra.

Neither appellee nor his father testified as to the valuation of the partnership interest. The bookkeeper testified that, based on the 1967 partnership income tax return,

appellee's interest had decreased in value from that of January, 1964. It is apparent that the income tax return served a different purpose and in many instances, as admitted by the bookkeeper, does not reflect the actual value of the property. For example, the partnership admittedly owned approximately three hundred calves and from three to four hundred pigs at the time of trial, and their value was not included in the tax return. Further, the partnership owned two long-term deferred assets, which were not considered by the bookkeeper or mentioned in the tax return. The tax return reflects that the partnership had a depreciation account in the total amount of $57,522.26, and much of the equipment and many of the fixtures covered in said account were purchased during this marriage. There is no testimony that said depreciated value represents the actual value of any of said depreciated items. The tax return shows a partnership debt of $272,672.07 to the Agricultural Livestock Finance Corporation, but there is no evidence as to when or how said debt was incurred or what payments were made on same during the marriage. The record shows that during the marriage appellee devoted his full time to said partnership business and that all income other than a drawing account for their living expenses was devoted to furtherance of the partnership.

We have concluded that the trial court erred in determining that the community owned no interest in the partnership account. Such error requires a reversal of the property issues and a remand of same in the interest of justice, in order that the facts may be fully developed and all disputed issues resolved.

The issue as to the partition of the community property is hereby severed from that part of the judgment granting a divorce and providing for the custody as well as the support of said minor child. The judgment is reversed and remanded as to partition of the community property and in all other respects is affirmed. Costs of this appeal are taxed against appellee.