Earl E. BUSBY, Petitioner,

v.

Mary Lou BUSBY, Respondent.

No. B-1553.

Supreme Court of Texas.

July 29, 1970.

Jones, Blakeslee, Minton, Burton & Fitzgerald, Charles R. Burton, Austin, for petitioner.

Mitchell, Gilbert & McLean, Phillip W. Gilbert, Charles E. Johanson, Maurice Angley, Jr., Austin, for respondent.

SMITH, Justice.

Respondent, Mary Lou Busby sued her former husband, Earl E. Busby, for partition of certain Air Force Disability Retirement benefits, which had not been divided by a judgment of divorce entered on June 25, 1963. The trial court, without the intervention of a jury, entered judgment that Respondent take nothing. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment that Respondent recover one-half of the retirement benefits. 439 S.W.2d 687. We affirm. The parties will be designated as they were in the trial court.

The first question for decision is whether the disability retirement benefits were,

or were not, community property at the time of the divorce of the plaintiff and the defendant. We have concluded that they were.

The facts are these. The defendant entered the United States Air Force on September 14, 1942. The defendant and plaintiff were married on March 1, 1946. On September 14, 1962 defendant completed 20 years of service in the Air Force and thus became eligible for voluntary retirement. On June 25, 1963 the Air Force ordered defendant's disability retirement on account of a diabetic condition and a thyroid deficiency, to be effective July 19, 1963. Defendant, at the time of the trial, had received, as disability retirement pay, the sum of $21,690.53 from July 20, 1963 through the date of trial in this case, January 31, 1968. The divorce decree disposed of certain real and personal property, but no disposition whatever was made of the retirement benefits involved in the present controversy. The Motion for New Trial in the divorce suit was overruled on July 1, 1963.

On November 1, 1967 the plaintiff filed this suit against the defendant to recover and have partitioned equally the disability retirement benefits which had been paid to the defendant at the time of trial as well as an equal one half of all benefits accruing in the future. The plaintiff contends that the defendant's right to the disability benefits accrued as a property right during the time of their marriage and thus was the community property of the parties at the time of their divorce. The defendant contends that he never possessed a "property right" in the disability retirement benefits during the time of the marriage of the parties and therefore the benefits were not community property at the time of the divorce, and are now his separate property. He also asserts that if he did have a "property right" in the benefits at the time of the divorce, such right arose prior to the marriage of the parties, and hence is separate property. We do not agree with the defendant's contentions for the reasons now to be stated.

We are persuaded by the decisions in the cases of Kirkham v. Kirkham, 335 S.W.2d 393 (Tex.Civ.App. 1960) no writ, and Mora v. Mora, 429 S.W.2d 660 (Tex.Civ.App. 1968) writ dism'd., in reaching our decision in this case. The defendant contends that the result reached in those cases can only be rationalized as a division of the estate of the parties under the broad equity powers given to the trial court in a case of divorce, and that the case now before the Court is fundamentally different in that it is a partition suit and not a case of divorce.

In *Kirkham*, the trial court granted the wife a divorce and awarded her: custody of a child, support for the child, a portion of certain unspecified community property, and a thirty per cent interest in and to the military retirement pay account of the husband. The husband attacked only the part of the judgment that awarded the wife a thirty per cent interest in his retired pay account. His three points of error were that (1) the military retired pay account *was not* the community property of the parties, (2) that it was error to award the wife *thirty per cent* of it, and (3) that it was error to award the wife a *money judgment* for part of it. The Court of Civil Appeals overruled all three of these points. It held that the military retirement pay account was not a gift or gratuity but an *earned property right* which accrued to him by reason of his years of service in military service; the military retirement pay account was earnings of the husband during marriage, and as such, community property, citing Art. 4619, Vernon's Ann.Civ.Stats. The Court of Civil Appeals affirmed the trial court action of awarding the wife thirty per cent of the retirement pay account, instead of the correct 27.8% as argued by the husband, on the theory that the trial court is vested with a wide discretion in adjudicating a partition of the community estate in cases of divorce. Finally, the last point was overruled on the author-

ity of Berg v. Berg, 115 S.W.2d 1171 (Tex. Civ.App. 1938) writ dism'd, and Keton v. Clark, 67 S.W.2d 437 (Tex.Civ.App. 1934) writ refused.

*Mora* was a divorce suit in which the wife on appeal complained of the failure of the trial court to find that a portion of the husband's interest in a military service retirement plan was the community property of the parties. The Court of Civil Appeals relied upon its earlier decision in Kirkham v. Kirkham for the proposition that an interest in a military retirement plan was an earned property right which accrued by reason of his military service, and that the portion earned during marriage constitutes community property under Article 4619, *supra*. The Court held that the husband acquired a vested property right when he had served a length of time sufficient to entitle him to retirement benefits upon his election to retire, even though at the time of trial he had not yet retired, and even though retirement payments would not be payable until he did retire, citing Herring v. Blakeley, 385 S.W.2d 843 (Tex. Sup., 1965). The court also held that the fact that, the service man might die or receive a dishonorable discharge before retirement, and thus forfeit his retirement benefits, did not reduce his interest in his retirement benefits to the status of a "mere expectancy." Those contingencies merely made his interest subject to divestment, but it was nevertheless a vested property right. The court further held that the interest of the community in the retirement plan was represented by the fraction 176/308, because the interest was earned as the result of 308 months of military service, including 176 during the time of the marriage of the parties. The case of Webster v. Webster, 442 S.W.2d 786 (Tex.Civ.App.

1969) no writ, is also in accord with *Kirkham* and *Mora*.

In considering the same question, the Supreme Court of Washington in Morris v. Morris, 69 Wash.2d 506, 419 P.2d 129 (1966) quoted extensively from *Kirkham*, and held:

"The retirement pay account is not a gift or gratuity accruing to appellant, but is an earned property right which accrues by reason of his years of service in military service."

The decision of the Supreme Court of New Mexico in LeClert v. LeClert, 80 N.M. 235, 453 P.2d 755 (1969) is also in accord, citing *Kirkham* and *Mora*.

The defendant has sought to distinguish all of the above cases on the ground that they dealt with *voluntary* retirement from military service which he contends is different from the *disability* retirement situation involved in this case. We can see no distinction. "Voluntary retirement" refers to the right of a service man to voluntarily retire, upon his election to do so, after he has completed a required tenure of service. See Title 10 United States Code Annotated, Article 8911 [1] for the statute pertaining to the Air Force. Similar Statutes govern other branches of the military service.[2] In all of the cases herein above discussed, the service man had satisfactorily completed the required tenure of service that made him eligible for voluntary retirement, subject only to his election to so retire. The right having become fixed subject to the sole contingency of the service man's election, during the time the marital relationship existed, it was held to be vested as community property, to the extent that it accrued during the time of the marriage,

1. Twenty years or more: regular or reserve commissioned officers

The Secretary of the Air Force may, upon the officer's request, retire a regular or reserve commissioned officer of the Air Force who has at least 20 years of service computed under section 8926 of this title, at least 10 years of which have been active service as a commissioned officer. Aug. 10, 1956, c. 1041, 70A Stat. 549.

2. See 10 United States Code Annotated § 6321 et seq. for the Navy and Marine Corps, and 10 United States Code Annotated § 3911 et seq. for the Army.

even though the voluntary election to retire had not been made as of the date of the divorce of the parties. Judgments were rendered providing for the wife's portion "if, when, and as" the benefits were paid to the husband.

The retirement benefits accruing to the defendant in the present case come under the provisions of Title 10 United States Code Annotated 1201.[3] Retirement under this statute does not involve any election by the service man, but rather is based upon the decision of the Secretary of the Air Force that the service man in question is disabled under the terms of the statute. We shall refer to this type of retirement as "disability retirement." This statute provides for disability retirement upon the decision of the Secretary of the Air Force that any one of several combinations of contingencies has been satisfied. For example, if the service man has completed at least 30 days of active duty prior to the disability, and the disability was a proximate result of active duty or duty in time of war, and the disability is greater than 30% under certain veterans administration standards, disability retirement is available. If eight years of service have been completed at the time of the disability, the 30% requirement must still be met but there is no requirement that the disability be the proximate result of active duty or duty in time of war. If twenty years of service have been completed, the disability need not meet the 30% requirement, but it must render him unfit to perform his duties.

■ Our analysis of the two types of military retirements leads us to conclude that the rule applied in the voluntary retirement cases should be applied here. Since the evidence shows that the disability retirement benefits accrued during marriage, we hold that the benefits received by the defendant constitute community property. See Mora v. Mora, *supra*.

■ Having held that the retirement benefits involved in this suit were community property at the time of the divorce, we next dispose of the defendant's contention that partition of such community property is barred under the doctrine of res judicata, since the plaintiff failed to ask for a partition in the divorce suit. We cannot agree with defendant's contention. It is well settled that where, as here, a divorce decree fails to provide for a division of community property, the husband and wife become tenants in common or joint owners thereof. Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102 (1942); Kirkwood v. Domnan, 80 Tex. 645, 16 S.W. 428 (1891). Since this property was not parti-

---

3. Regulars and members on active duty for more than 30 days: retirement

Upon a determination by the Secretary concerned that a member of a regular component of the armed forces entitled to basic pay, or any other member of the armed forces entitled to basic pay who has been called or ordered to active duty (other than for training) under section 270(b) of this title for a period of more than 30 days, is unfit to perform the duties of his office, grade, rank, or rating because of physical disability incurred while entitled to basic pay, the Secretary may retire the member, with retired pay computed under section 1401 of this title, if the Secretary also determines that—

(1) based upon accepted medical principles, the disability is of a permanent nature;

(2) the disability is not the result of the member's intentional misconduct or willful neglect, and was not incurred during a period of unauthorized absence; and

(3) either—

(A) the member has at least 20 years of service computed under section 1208 of this title; or

(B) the disability is at least 30 percent under the standard schedule of rating disabilities in use by the Veterans' Administration at the time of the determination; and either—

(i) the member has at least eight years of service computed under section 1208 of this title;

(ii) the disability is the proximate result of performing active duty; or

(iii) the disability was incurred in line of duty in time of war or national emergency. Aug. 10, 1956, c. 1041, 70A Stat. 91; Sept. 2, 1958, Pub.L. 85–861, § 1(28) (A), 72 Stat. 1451.

tioned at the time of the divorce, we hold that the judgment entered in the divorce suit did not preclude the plaintiff from seeking a partition of the undivided community property sought to be partitioned here. Keller v. Keller, 135 Tex. 260, 141 S.W.2d 308 (1940); Kirberg v. Worrell, 44 S.W.2d 940 (Com.App.1932).

We strongly suspect that the trial court which pronounced the decree of divorce and ordered a division of the estate of the parties in 1963, would not have divided defendant's disability retirement benefits as is being accomplished here. In the future, counsel for litigants in divorce suits should call to the attention of the trial judge all of the assets of the marriage. In any event, and especially in suits where one of the parties is not represented by counsel, the trial judges of the state, sitting in divorce suits, should inquire as to the existence of insurance or retirement programs to the end that the final judgment fully disposes of all property valuables of the community.

The judgment of the Court of Civil Appeals is affirmed.

Dissenting opinion by WALKER, J., in which GREENHILL and McGEE, JJ., join.

WALKER, Justice (dissenting).

It is my opinion that the "right" of a member or former member of the armed forces to retirement benefits that are payable in the future, resting as it does on a statute that is subject to modification or repeal at any time, does not constitute property. The court granting the divorce could and should take it into consideration and, in the exercise of the broad powers conferred by Article 4638, is in position to enter an order that is just and equitable under the circumstances. See Mora v. Mora, Tex.Civ.App., 429 S.W.2d 660 (wr. dis.); Kirkham v. Kirkham, Tex.Civ.App., 335 S.W.2d 393 (no writ). Our present departure from reality in holding that "title" to benefits payable in the future "vests" or has its inception when the serviceman becomes eligible for retirement can lead to grossly inequitable results. As indicated by the concluding paragraph of the majority opinion, we may have such a case here. It seems to me that we should insist rather than suggest that the matter of statutory retirement benefits be submitted to and decided by the court granting the divorce. In my opinion the trial court was correct in holding that the divorce judgment entered on June 25, 1963, is res judicata of the claim now asserted by respondent, and I would affirm the trial court's judgment that she take nothing.

GREENHILL and McGEE, JJ., join in this dissent.