Harvey S. MISER, Appellant,

v.

Virgie Juh-Ree MISER, Appellee.

No. 17717.

Court of Civil Appeals of Texas, Dallas.

Dec. 17, 1971.

Rehearing Denied Jan. 14, 1972.

Roy C. Hughes, Jr., Dallas, Jerry Bolin, McKinney, for appellant.

John D. Griggs, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

In appellee's suit for divorce against appellant the trial court granted the divorce, awarded custody of two minor children to appellee, provided for child support payments, and divided the community estate including an award to appellee of an interest in retirement payments appellant might subsequently receive upon retirement from service in the Air Force. This appeal presents the sole question of the propriety of the court's order which grants to appellee a fractional interest in future military retirement benefits, if and when appellant receives same.

The facts are without dispute. Appellant and appellee were married on December 9, 1956 and such marriage continued for approximately 171 months until terminated by a decree of divorce on March 3, 1971. Appellant had previously enlisted as a member of the United States Air Force on August 12, 1952. At the time of divorce appellant had served approximately eighteen and one-half years in the Air Force and on August 12, 1972 will have completed twenty years of service. At such time he will become eligible for retirement benefits as provided by 10 U.S.C.A., §§ 8914, 8929, and 8991. Appellant would not receive any retirement benefits if he retired prior to the completion of his twenty years of service, nor if he died or was dishonorably discharged prior to that time. His present enlistment extends until July, 1973. Should he desire to do so, and absent some physical disability, appellant could extend his enlistment until he had completed thirty years of service.

That portion of the judgment which is now assailed by appellant is as follows:

"IT IS FURTHER ORDERED ADJUDGED AND DECREED, that if and when Respondent, Harvey S. Miser, who is a member of the United States Air

Force, and has been since August 12, 1952, retires and receives a retirement benefit or pension and/or retired for any other reasons as to health, or any other matter determined by the United States Air Force wherein said Harvey S. Miser is to receive a pension, then, and in such event, the Petitioner is to receive one-half of one-hundred and seventieths of the fraction of the number of months of active service until retirement, either voluntary or involuntary, of Harvey S. Miser. By way of explanation, it shall be one-half of one-hundred and seventieths of the number of months Harvey S. Miser has served or attained at the time of retirement, either voluntary or involuntary."

In findings of fact and conclusions of law the trial court said that in the event appellant serves at least 240 months or twenty years with the United States Air Force, the retirement benefits accumulated during the marriage between appellant and appellee will be community property to which appellee would be entitled to a one-half interest. The court concluded (1) that community property need not be reducible to immediate possession before a divorce court can take jurisdiction to determine parties' rights therein; (2) the retirement pay is an earned property right which accrues by reason of years of service in military service; (3) the possibility that respondent could be dishonorably discharged before retirement does not reduce his interest to the status of a mere expectancy; (4) that respondent has already agreed with the Air Force to serve an enlistment which will cover the necessary time of service to be eligible for retirement; and (5) petitioner is entitled to receive as her share of the community estate one-half of 171 over the number of months respondent has accumulated in service with the United States Air Force at the time of his retirement.

In his two points on appeal appellant argues that the trial court erred in concluding that his potential military retirement pay was a property right subject to a division as community property upon divorce since the divorce was prior to appellant's eligibility for such retirement pay.

Appellee puts the sole question in this form:

"Our question is, can a career serviceman husband, who has served 18½ years in the United States Air Force and contracted with the Air Force before divorce and re-enlisted for a period which will extend beyond the necessary 20 years retirement eligibility, defeat his wife's community property interest in and to a proportionate share of said retirement benefits, if, as and when received, by a divorce before the twenty year period when at the time of the divorce the serviceman husband is serving the re-enlistment and cannot defeat the receipt of such retirement benefits except by death or dishonorable discharge?"

We have concluded that the question should be answered in the negative and that the judgment of the trial court should be affirmed.

Section 5.01, Vernon's Ann.Civ.Stat. Family Code, provides that community property consists of the property, other than separate property, acquired by either spouse during marriage. A spouse's separate property consists of the property acquired by the spouse during marriage by gift, devise or descent. Appellant makes no contention here that his right to retirement benefits, when and if received by him, would have been acquired by him through devise or descent. Neither do we think that such could be characterized as gifts, even though he made no contribution in money to the accumulation of such benefits. Such contention was advanced in Lee v. Lee, 112 Tex. 392, 247 S.W. 828 (1923), but the Commission of Appeals rejected same saying: "It was in no sense a donation to the employe for individual merit, but was manifestly additional compensation for faithful and continuous service. It was as much a fruit of his labors as his regular wages or salary. It was in the strictest sense a

'gain' added to the common acquests of the marital partnership, and the direct result and fruit of his labor and services."

Wide discretion is vested in the trial judge by Section 3.63 of the Family Code which provides that in a decree of divorce the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

In the light of these rules we proceed to the question before us. In doing so it must be borne in mind that the decree under attack does not award to appellee any money or property which she may take immediately. The decree specifically awards appellee the fractional proportion of retirement benefit payments as a part of the community property "if, when, and as" same is received by appellant.

Much has been written, both in decided cases and in law review articles, concerning the community status of profit-sharing and pension plans as well as interest in disability and retirement plans. Herring v. Blakeley, 385 S.W.2d 843 (Tex. Sup.1965); Kirkham v. Kirkham, 335 S.W. 2d 393 (Tex.Civ.App., San Antonio 1960); Mora v. Mora, 429 S.W.2d 660 (Tex.Civ. App., San Antonio 1968); Webster v. Webster, 442 S.W.2d 786 (Tex.Civ.App., San Antonio 1969); Busby v. Busby, 457 S.W.2d 551 (Tex.Sup.1970); Angott v. Angott, 462 S.W.2d 73 (Tex.Civ.App., Waco 1970); Williamson v. Williamson, 457 S.W.2d 311 (Tex.Civ.App., Austin 1970); LeClert v. LeClert, 80 N.M. 235, 453 P.2d 755 (1969); Schafer v. Schafer, 3 Wis.2d 166, 87 N.W.2d 803 (1958); Hughes, "Community-Property Aspects of Profit-Sharing and Pension Plans in Texas —Recent Developments and Proposed Guidelines for the Future," 44 Tex.L.Rev. 860 (1966).

In *Herring* our Supreme Court considered the question of whether or not a profit-sharing plan and a retirement annuity plan constituted property and if so, whether such property should be classed as community property. The court concluded that the husband-employee's interest in both plans, although prospective, was community property and that on the date of the divorce from his wife the wife was entitled to one-half of the value of these plans. The husband sought to avoid the effect of the court's holding on the grounds that none of the funds of either plan were available at the date of divorce. He argued that such property could not be subject to the order of the divorce court even if they were community property. The Supreme Court struck down this argument saying:

"The language of the divorce court's order, covering as it does 'all of the community property of the parties,' is broad enough to include community property that was not available at the time of the divorce, but that could be reduced to possession at some later date. There is no requirement in Texas that community property must be reducible to immediate possession before a divorce court can take jurisdiction to determine the parties' rights therein. Community rights may exist in interests that cannot be reduced to possession, such as remainder or reversion rights." (Citing authorities.)

Again, the Supreme Court in *Busby* had before it the question of whether disability retirement benefits to be received from the Air Force were community property at the time of the divorce decree. The court, after discussing numerous Texas cases and LeClert v. LeClert, 80 N.M. 235, 453 P.2d 755, from the Supreme Court of New Mexico, held that the wife did have a property right in the disability retirement benefits during the time of marriage and that such was community property at the time of divorce.

In *Kirkham* the court held that retirement pay is not a gift or gratuity accruing to appellant, but is an earned property right which accrues by reason of his years of service in military service. The court said that the earnings of the husband during marriage are community property

and allowed the wife a share of retirement payments which might be paid in the future.

In *Mora* the court, following its decision in Kirkham, held that while the husband had not retired from military service at the time of the divorce and would not be entitled to payments until his actual retirement, yet the wife had an interest in the benefits which had accrued during their marriage and which were subject to be divided as community property "if, as, and when he receives them." The court also pointed out that while the husband's rights might be forfeited if certain contingencies should occur prior to his retirement, such as dishonorable discharge or death, such does not divest such rights of their status as property which is subject to the community property laws of Texas.

In *Webster* the court again approved a decree awarding the wife an interest in retirement pay which might be made to the husband in the future. The court, in approving the "if, as, and when" decree, said that while the husband may never retire, in which event the wife would not be entitled to receive anything, the trial court did not err in making such award.

In *LeClert* the Supreme Court of New Mexico approved the award to the wife of an interest in retirement pay of the husband, a member of the United States Navy, as community property. There, as here, the retirement payments were contingent upon completion of the husband's service and his right thereto would not vest until after termination of the marriage relation. The court easily distinguished French v. French, 17 Cal.2d 775, 112 P.2d 235 (1941), relied upon by appellant in this case, holding that the facts in *French* were readily distinguishable.

It is true that in each of the cases cited the divorce decree was signed after the expiration of the period of time prescribed by the particular statute or contract to bring the retirement plan or pension plan into being. However, in each case the husband had not yet actually received the proceeds of the retirement plan or pension plan at the time of the decree of divorce. Although we have found no cases, and have none been cited, where the facts are exactly similar to those submitted by this appeal, which involve a determination of the character of an interest which is only partially vested, we observe no legitimate reason for a different rule to be applied in such a situation. As stated by Hughes in his excellent and much cited article on "Profit-Sharing and Pension Plans," 44 Tex.L.Rev. 860, at page 874:

"The proper approach is to determine the time when the interest has been acquired. Even if the employee is entitled at divorce to an interest of less than one hundred percent, that interest nevertheless has been acquired and should be community property. Recognition of partially vested interests is a logical extension of the recognition of fully vested interests as community property at divorce. In the profit-sharing example, upon divorce after five years of employment but before the completion of six years, the seventy-five percent vested interest of the employee in termination benefits should constitute community property. * * *

"Under the pension plan example, an employee with service in excess of five years will be entitled to disability or death benefits and, with two years of additional service, to retirement benefits. The *Herring* case and the community-property principles previously discussed appear to require the conclusion that the vested rights to retirement benefits * * * would have been acquired and would be community property at divorce."

We agree with appellee that to deny the divorced wife one-half of the retirement benefits earned during the marriage upon the basis that the serviceman husband has not served the twenty-year period, where he has enlisted for a period in excess of twenty years, would result in injustice to the wife and unjust enrichment to the husband. Here the husband has bound him-

self to serve for more than enough time to receive the retirement benefits. At that time 240 months, or twenty years, will have expired. However, during that 240 months there were 171 months of marriage to appellee and logic and reason demand that she should be allowed to share in that segment of the retirement pay, if, when and as it is received by the husband.

We hold that the trial court was correct in the exercise of its discretion, as granted by statute, in awarding the appellee-wife a judgment for one-half interest in the accumulated retirement benefits, same to be paid to her when, if and as the payments are eventually made to appellant-husband. We emphasize that our holding is confined to the particular facts and circumstances before us.

We do not decide whether prospective rights are subject to present division, or whether they may be taken into consideration in making a present division of the community estate.

The judgment of the trial court is affirmed.