**Bettye Jo LUMPKINS, Appellant,**

v.

**William J. LUMPKINS, Jr., Appellee.**

**No. 12227.**

Court of Civil Appeals of Texas, Austin.

Feb. 19, 1975.

Rehearing Denied March 12, 1975.

Scott R. Kidd, E. Richard Criss, Jr., Brown, Maroney, Rose, Baker & Barber, Austin, for appellant.

E. B. Fuller, Austin, for appellee.

SHANNON, Justice.

The subject of this appeal is whether the divorce court has the power to divide non-vested military retirement benefits. As we are of the opinion that the divorce court does not have that authority, we will affirm the judgment.

Appellant, Bettye Jo Lumpkins, sued appellee, Lieutenant Colonel William J. Lumpkins, Jr., for divorce in the district court of Travis County. The parties were able to agree concerning the division of a part of their property and its value. Upon trial to the court the court entered a divorce decree, dissolving the marriage, appointing appellant as managing and possessory conservator of the parties' one child below the age of eighteen years, ordering appellee to pay the sum of $270.00 as monthly child support payments, and dividing the property.

By the terms of the divorce decree appellant obtained real and personal property of a value in excess of $100,000. Appellee received by the terms of the decree property of a value of about $12,172.00.

Upon request the court filed findings of fact and conclusions of law and found, among other things, that appellee was a lieutenant colonel in the United States Army and that at trial time he had served a little more than nineteen years of active service in the Army, fourteen of those years of service being served during the marriage of the parties. At the time of trial appellee was in the active service of the United States Army and he intended to remain in service at least until he is eligible for retirement. Appellee intended to continue his service in the Army past his retirement date if allowed to do so by the Army officials.

The parties stipulated that appellee was forty-three years of age and was eligible for retirement from the Army on or after February 28, 1975. It was stipulated further that should appellee elect to take retirement on that date, he would be eligible to receive a monthly retirement benefit for the balance of his life of $1,136.00 each month, the present value of which was $177,957.00.

The court concluded that it did not have power to apportion to appellant any part of the military retirement benefits, and that under those circumstances, the division of the property made in divorce decree was fair and equitable. The court concluded further that if it had the power to apportion to appellant any part of the military retirement benefits, it would have done so, and would have made a division of the other community property that would have been fair and equitable in light of the division of the said retirement benefits. The court was of the further opinion that in order to have effected a fair and equitable division of the estate it would have been necessary to have set aside to appellant a portion of the retirement benefits.

Appellant attacks the judgment by one point of error to the effect that the court erred in concluding that it was without power to apportion to appellant a part of the military retirement benefits even though it was necessary to do so to achieve a fair and equitable division of the estate of the parties.

■ In Busby v. Busby, 457 S.W.2d 551 (Tex.1970) the Supreme Court held the husband's existing entitlement to future military retirement benefits constituted a *vested* property right subject to division by decree of the court. As Justice Steakley explained in Nail v. Nail, 486 S.W.2d 761 (Tex.1972), the crucial consideration in *Busby* was the *vesting* of a right when the husband reached the requisite qualifications for retirement benefits; the fact that the benefits were subject to divestment under certain conditions did not reduce the right to a mere expectancy. See also Mora v. Mora, 429 S.W.2d 660 (Tex.Civ. App.1968, writ dism'd); Webster v. Webster, 442 S.W.2d 786 (Tex.Civ.App.1969, no writ). Until an officer has served in the military for the length of time necessary to retire, he has no property rights or property interest which are subject to division by the divorce court. Davis v. Davis, 495 S. W.2d 607 (Tex.Civ.App.1973, writ dism'd); See University of Texas: Hughes, Community-Property Aspects of Profit-Sharing and Pension Plans in Texas—Recent Developments and Proposed Guidelines for the Future, 44 Texas L.Rev. 860, 869 (1966); University of Texas: Dutton, The Wife's Community Interest in Her Husband's Qualified Pension or Profit-Sharing Plan, 50 Texas L.Rev. 334, 340 (1972).

Appellant urges this Court to follow Miser v. Miser, 475 S.W.2d 597 (Tex.Civ. App.1971, writ dism'd). In that case the husband, an enlisted man, re-enlisted for a period of time past voluntary retirement age. His right to retirement benefits had not vested at the time of the entry of the divorce judgment. The Dallas Court of Civil Appeals, nevertheless, concluded that the benefits were subject to division by the divorce court for the stated reason that "logic and reason" demanded that result.

■ In the case at bar, appellee was required to serve twenty years in the Army before his right to retirement benefits vested. Should appellee leave the Army before the completion of that period, he would be entitled to nothing. It is plain that as of the date of the entry of the divorce judgment, appellee's right to those benefits had not vested. At that time he had no property rights, but instead merely an expectancy. The controlling case law requires that before military retirement benefits are subject to division by the decree of the divorce courts, those benefits must be vested.

The judgment is affirmed.

PHILLIPS, Chief Justice (dissenting).

I respectfully dissent. I would reverse the judgment of the trial court and remand the case with instructions to set aside to appellant whatever part of the retirement benefits necessary for a just and equitable division of the property.[1]

Section 3.63 of the Vernon's Texas Family Code Annotated requires the trial court in a suit for divorce to order a division of

1. The trial court's conclusion of law is as follows:
"This Court does not have any authority or power to set aside to petitioner herein any any part of the retirement benefits of respondent and, therefore, the division of the property made by the Court represents a fair and equitable division of the estate of the parties under those circumstances. Provided, however, that if this Court did have the authority or power to set aside to petitioner herein any part of the retirement benefits

of respondent, it would have set aside to petitioner some portion of those benefits when, if, and as received by respondent, and would have made a division of the other community property that would have been fair, just, and equitable in light of the division of said retirement benefits. It is necessary to set aside to petitioner a portion of the retirement benefits to effect a fair and equitable division of the estate of the parties; however, this Court is powerless to make any such division."

the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and for any children of the marriage. I would hold that the retirement benefits are a part of the estate subject to division even though they have not, as yet, vested.

It is quite evident that any number of things, corporeal or incorporeal, come within the definition of property. Property extends to every species of valuable right and interest, and includes real and personal property.[2] The word "property" may well embrace obligations, rights and other intangibles, as well as physical things. Various rights and interests have been held to be property and therefore subject to division upon divorce.

An interest in a contractual relationship or in a valid contract is property.[3] This Court has held that the rights to benefits under a disability insurance policy, even though the benefits might subsequently terminate, are property subject to division upon divorce.[4] Accounts receivable are likewise property subject to the trial court's jurisdiction to divide upon divorce.[5] An interest in a partnership or joint venture is property, and such interest acquired during marriage is community property subject to division by the court.[6]

While the character of property as separate or community may have been changed by § 5.01 of the Texas Family Code, the right to recover damages for personal injuries is a property right.[7] Without question, prior to the enactment of the Family Code, a personal injury claim of one spouse was community property subject to

division upon divorce.[8] Therefore, property may be defined as any interest regardless of whether it might subsequently fail to prove of value. Military retirement benefits in the case at bar come within this broad definition of "*property*" and are, in my judgment, a part of the *estate of the parties*. To the extent that nineteen years of service have been completed by appellee, the parties have a valuable interest in the retirement system. These years have been invested by both parties hereto toward the anticipated receipt of the retirement benefits and such an interest has the present monetary value of $177,957.00. Retirement benefits are not mere gratuities but are earned property rights in the nature of compensation for services rendered.[9]

In Mora v. Mora, 429 S.W.2d 660 (Tex. Civ.App.1968, writ dism'd) at the time of divorce, the husband had completed over 25 years of service with over 14 of those years being served during the period of marriage. The court again affirmed the principle stated in *Kirkham* (footnote 9) that retirement benefits were not gratuities but earned property rights. The court held that the husband obtained a property right even though the benefits, although vested, were not payable at the time of divorce and might never be received if he were dishonorably discharged or died prior to his actual retirement. The fact that there was some possibility of forefeiture did not reduce these benefits to a mere expectancy but only made them subject to divestment, and they were therefore "*property*." *Mora* was approved by the Supreme Court in Busby v. Busby, 457 S.W.2d 551 (Tex.1970).

2. Womack v. Womack, 141 Tex. 299, 172 S.W.2d 307 (1943).

3. North Texas Producers Association v. Young, 308 F.2d 235 (5th Cir. 1962), cert. denied, 372 U.S. 929, 83 S.Ct. 874, 9 L.Ed.2d 733 (1963).

4. Mathews v. Mathews, 414 S.W.2d 703 (Tex Civ.App.1967, no writ).

5. Hill v. Hill, 249 S.W.2d 654 (Tex.Civ.App. 1952, no writ).

6. Cox v. Cox, 439 S.W.2d 862 (Tex.Civ.App. 1969, no writ) ; Thompson v. Thompson, 500 S.W.2d 203 (Tex.Civ.App.1973, no writ).

7. Garrett v. Reno Oil Company, 271 S.W.2d 764 (Tex.Civ.App.1954, writ ref. n. r. e.).

8. Ligon v. Ligon, 39 Tex.Civ.App. 392, 87 S.W. 838 (1905, no writ).

9. Kirkham v. Kirkham, 335 S.W.2d 393 (Tex. Civ.App.1960, no writ).

Miser v. Miser, 475 S.W.2d 597 (Tex. Civ.App.1971, writ dism'd), decided by the Dallas Court of Civil Appeals, is the first case in Texas in which the courts were faced with the situation in which the husband did not have a present right to retire and receive U. S. Army benefits at the time of divorce. The court held that the retirement benefits had *partially vested* at the time of divorce and the wife was allowed her share of the community interest in the benefits. However, two years later the same court in Davis v. Davis, 495 S. W.2d 607 (Tex.Civ.App.1973, writ dism'd) in a similar fact situation, reversed itself and denied the wife any recovery upon her community interest in the husband's Army retirement benefits holding that the rights had not vested. In attempting to distinguish the apparent conflict, the court reasoned that in *Miser* there was a contractual obligation on the part of the *enlisted man* to serve past retirement age while the *officer* in *Davis* could resign prior to the date of voluntary retirement or be involuntarily retired without pay for failure to advance in rank.

I would follow *Miser* where the court recognized that the benefits were *partially vested,* a factor evidently ignored by the court in *Davis.* I can see no reason why if benefits become partially vested in an enlisted man, these same benefits may not be partially vested in an officer.[10]

In fact that so many possible contingencies failed to deter the courts from denying community property interests in the many fact situations, other than benefit cases, outlined above;[11] the fact that even where benefit rights have vested, further contingencies such as death or discharge for cause may still abort the pension, leaves a vesting requirement as an idle and artificial fiction that can serve no rational purpose, but, especially in military retirement benefit cases, may well become the source of the gravest injustice.

In the case before us, the expectancy rate is quite high. The facts disclose, and the court so found, that appellee intends to remain in the service past his possible retirement age. The retirement age will be attained within a few weeks' time, thus giving rise to a greater degree of certainty that the benefits will be paid. Any problems concerning whether or not the right to benefits will ever become possessory can be taken into account in the method of division. Both parties can be protected by decreeing a division of the benefits when, if, and as received, the same approach is utilized in the "vested" cases. This eliminates penalizing the husband if, in fact, no benefits are ever received, and protects the wife's interest in any "deferred compensation." Any other approach necessarily results in the gross inequity of defeating the wife's interest in the retirement benefits.

---

10. See: Community-Property Aspects of Profit-Sharing and Pension Plans in Texas— Recent Developments and Proposed Guidelines for the Future, 44 Tex.L.Rev. 860 (1966).

11. Other cases allowing unvested interests see: In re Marriage of McCurdy, 489 S.W. 2d 712 (Tex.Civ.App.1973, writ dism'd) [retirement benefits]; Miguez v. Miguez, 453 S.W.2d 514 (Tex.Civ.App.1970, no writ).