In the Matter of the MARRIAGE OF
Verne S. JOINER and Charlotte
R. Joiner.

No. 07–87–0182–CV.

Court of Appeals of Texas,
Amarillo.

Aug. 12, 1988.

Before REYNOLDS, C.J., and
DODSON and BOYD, JJ.

### ON MOTIONS FOR SECOND REHEARING

REYNOLDS, Chief Justice.

In response to the opinion we issued on their motions for rehearing, Verne S. Joiner and Charlotte R. Joiner have filed their respective second motions for rehearing. Verne reiterates his complaints that we failed to adopt the trial court's characterization of his profit sharing stock plan account, to reach the issue of abuse of discretion by the court in its division of the community estate, and to exact a just and fair division of the community property upon the record valuations. Remaining convinced that our previous writings adequately addressed these matters, we overrule Verne's second motion for rehearing.

By her second rehearing motion, Charlotte, still insisting that there is a 93% community interest in Verne's profit sharing stock plan account, faults our characterization of the plan as 20% separate property–80% community property. Her theory is that our application of the inception of title doctrine—*i.e.*, the character of property interests in the plan as separate or community is fixed at the time the vested interests are acquired—is not applicable to situations involving retirement or pension benefits.

As support for her theory, Charlotte cites a number of authorities, the latest being *Dewey v. Dewey*, 745 S.W.2d 514 (Tex.App.—Corpus Christi 1988, writ denied), from which her quotes contain this statement: "The inception of title doctrine simply does not apply in cases involving retirement or pension benefits...." *Id.* at 518–19. By our ignoring this principle and contrarily applying the inception of title doctrine, Charlotte argues, we have converted 20% of the community earnings into separate property.

However, it is at once noticeable that neither the *Dewey* court nor the other authorities cited was addressing a plan providing for the vesting of interests before and during marriage; rather, they were speaking of benefits which, merely by virtue of employment, only accrued during marriage. Indeed, the first two cases cited by Charlotte acknowledge that, on the authority of *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970), the inception of title rule is applied to determine the existence of a community interest in retirement benefits.

Other than that and by way of explanation, our focus in this appeal was and is on the characterization of the separate property-community property interests in Verne's profit sharing plan account, which is relevant to the trial court's decision in dividing the community estate in a manner deemed just and right. We did not measure the monetary value of the interests, a matter

to be proved in the trial court, nor prejudge an apportionment of the value of the community interest, a matter reserved to the discretion of the trial court. Neither does our decision prevent proof, if proof there be, that under the peculiarities of the plan —*i.e.*, the amount of annual contributions being dependent upon the company's profits and Verne's salary, as well as upon the performance of the stock purchased with the contributions—there was an increase in the value of Verne's separate property interest which is attributable to his employment during marriage, giving the community an interest in the increased value which is subject to discretional apportionment by the trial court.

Charlotte also urges a reconsideration of the assessment of costs we made on rehearing, but we are not persuaded to alter that order for costs. Her second motion for rehearing is overruled.