NUNN 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-272-CV





ELZY NUNN,



 APPELLANT


vs.





DOROTHY M. WALLACE f/k/a DOROTHY M. NUNN,



 APPELLEE



 




FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 21,293, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING



 




 This appeal arises from the district court's dismissal of appellant's motion to vacate
part of a 1988 judgment partitioning appellant's pension benefits and awarding appellee her share
of the benefits constituting community property. We will affirm.



BACKGROUND


 Appellant and appellee were originally married in 1950. They divorced in 1957,
but subsequently remarried several months later in 1958. The couple divorced again in 1976. 
In 1956, appellant began working at the Aluminum Company of America (ALCOA) and continued
working for ALCOA until his retirement in 1988. The 1976 divorce decree did not address the
division of pension benefits that appellant accrued over the course of his employment with
ALCOA.

 In 1988, appellee filed a petition seeking partition of the portion of appellant's
pension benefits that had been community property. (1) The district court granted appellee's petition
and issued a qualified domestic-relations order awarding appellee 29.5 percent of appellant's
present accrued benefits. (2) Appellant did not file a motion for new trial, nor did he attempt to
appeal the 1988 judgment.

 Two years later, in 1990, appellant, in the instant case, filed a motion to vacate a
portion of the 1988 judgment. The district court ruled that its plenary jurisdiction over the cause
had expired (3) and that appellant's only remedy was a direct attack on the judgment through appeal
or a bill of review, or through a collateral attack on the judgment. Subsequently, the district court
ruled that appellant had no grounds for a collateral attack on the judgment and, accordingly,
denied appellant's motion on the grounds that it had no jurisdiction over the 1988 judgment. 
Appellant appeals the district court's denial of his motion to vacate.



DISCUSSION


 In two points of error, appellant contends that the district court erred in denying
his motion to vacate. Appellant concedes that the district court's plenary jurisdiction over the
cause expired thirty days after the 1988 judgment was signed, and that the period for a direct
attack on the judgment through appeal or bill of review has elapsed. (4) However, appellant asserts
that his motion is a valid collateral attack on the 1988 judgment. Appellant claims that the 1988
judgment, by assigning appellee 29.5 percent of appellant's present accrued benefits,
impermissibly awarded appellee a portion of appellant's separate property. According to the
appellant, this division necessarily awarded appellee a portion of appellant's benefits arising from
job promotions and salary increases occurring after the 1976 divorce. (5) Thus, according to the
appellant, because the district court did not have jurisdiction to award appellee any of appellant's
separate property, that portion of the judgment was void and subject to collateral attack. We
disagree.

 Assuming that appellant's motion was a proper vehicle for collaterally attacking the
1988 judgment, we do not believe that appellant has demonstrated any grounds for a successful
collateral attack on the judgment. In contrast to a direct attack on a judgment, the grounds for
a collateral attack are limited to cases where the court rendering the judgment had (1) no personal
jurisdiction, (2) no subject-matter jurisdiction, (3) no jurisdiction to render the particular judgment
rendered, or (4) no capacity to act as a court. Ranger Ins. Co. v. Robertson, 680 S.W.2d 618,
621 (Tex. App.-- Austin 1984), aff'd in part, rev'd in part, 689 S.W.2d 209 (Tex. 1985), on
remand, 707 S.W.2d 135 (Tex. App--Austin 1986, writ ref'd n.r.e.). Where the ground asserted
for the collateral attack is that the court rendering judgment lacked subject-matter jurisdiction, the
lack of jurisdiction must be apparent on the face of the judgment or record, and no extrinsic
evidence may be offered to show that the court lacked jurisdiction. Austin Indep. Sch. Dist., 495
S.W.2d at 882.

 The 1988 judgment and the accompanying record clearly indicate that the district
court had jurisdiction over the subject matter of the controversy. The Texas Constitution grants
district courts jurisdiction "of all actions, proceedings, and remedies, except in cases where
exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law
on some other court, tribunal, or administrative body." Tex. Const. art. V, § 8. Neither the
Texas Constitution nor statute confers exclusive jurisdiction over the subject matter of the present
controversy to another court. Accordingly, the district court that rendered the 1988 judgment had
jurisdiction over the subject matter of the controversy.

 Contrary to appellant's argument, an error by the court in its division of separate
and community property does not deprive the court of jurisdiction. Rather, such an error must
be corrected through appeal or some other form of direct attack on the judgment. While the strict
time limits governing direct attacks might appear especially harsh when they cut off the rights of
a party with a legitimate complaint, they provide the finality necessary to maintaining a stable and
well-functioning judicial system.



CONCLUSION


 We overrule appellant's two points of error and, accordingly, affirm the judgment
of the district court denying appellant's motion to vacate a portion of the 1988 judgment.



 

 Mack Kidd, Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: June 9, 1993

[Do Not Publish]

1.   When a divorce decree fails to provide for the division of community property, the
husband and wife become tenants in common of the community property. Busby v.
Busby, 457 S.W.2d 551, 554 (Tex. 1970).
2. Subchapter F of the Texas Family Code permits the trial court to divide the
community property in a "just and right" manner. Tex. Fam. Code Ann. § 3.63(a) (West
1993).
3.   A court's plenary power to modify a judgment or order a new trial expires 30 days
after the judgment is signed, if no party has filed a motion for new trial. Tex. R. Civ. P.
329b(d).
4.   A direct attack on a judgment is a proceeding for correcting a prior judgment
which, because of error committed by the court rendering the judgment, is incorrect. 
Austin Indep. Sch. Dist. v. Sierra Club, 495 S.W.2d 878, 881 (Tex. 1973). Its purpose is to
secure the rendition of a correct judgment in place of the original judgment. Id.
5.   Benefits arising from promotions and salary increases after divorce are the separate
property of the pension recipient and should not be treated as community property. Berry
v. Berry, 647 S.W.2d 945, 947 (Tex. 1983).