Ivan J. ANGOTT, Sr., Appellant,

v.

Elaine M. ANGOTT, Appellee.

No. 4953.

Court of Civil Appeals of Texas,
Waco.

Dec. 31, 1970.

F. T. Gauen, Jr., Dallas, for appellant.

Brown, Brown & Bowen, Homer A. Brown, Garland, Coke & Coke, Charles R. Haworth, Dallas, for appellee.

## OPINION

WILSON, Justice.

This action is to recover or have declared the interest of plaintiff wife in retirement benefits resulting from her divorced husband's employment. In a nonjury trial judgment was rendered for plaintiff.

The husband and wife were married September 9, 1939. The husband began his employment December 24, 1941. The parties were divorced March 14, 1966. No adjudication was made of their rights in the retirement benefits in question by the divorce decree. The husband voluntarily retired from his employment March 25, 1967, at age 50, having been continuously employed to that date.

The employer provided a retirement plan.[1] The employee was automatically in-

---

1. The plan provided monthly income benefits upon "normal retirement" after age 65, computed on a specified formula. The employee was authorized to retire at any time after age 45 and ten years of continuous service. If he elected to begin receiving payments at age 65, the amount was the same as upon retirement at age 65. If payments began at an earlier age, the amount was reduced. If retirement was before age 60 payments were reduced by 5% for each year the em-

cluded as a result of his employment, and made no contributions.

Defendant pleaded and contends here that he had no vested property right or interest in the retirement benefits at the time of the divorce, and it was not then an asset. He urges that if he had resigned his employment or died, all rights to benefits would have terminated; and, in effect, that the "spendthrift clause" precluded the divorce court from dealing with the rights to benefits as property.

Busby v. Busby (Tex.Sup.1970) 457 S. W.2d 551 determines that the husband acquired an earned property right accruing by virtue of his employment, notwithstanding his death or his election to sooner terminate employment might have forfeited his retirement benefits; and that it was a vested property right.

■■■ Since retirement benefits accrued during marriage, they constituted community property at the time of divorce. Mora v. Mora (Tex.Civ.App.1968, writ dism.) 429 S.W.2d 660. To the extent they were community property, the husband and wife are tenants in common. Ex parte Williams (1960) 160 Tex. 314, 330 S.W.2d 605, syl. 2. And this, notwithstanding the rights and interests could not be reduced to possession at the time the divorce decree was rendered. Herring v. Blakeley (Tex. Sup.1965) 385 S.W.2d 843, 847. See Mora v. Mora (Tex.Civ.App.1968, writ dism.) 429 S.W.2d 660.

Since the property right earned during marriage was a community asset, the hus-

band is divested of nothing by recognition of the wife's interest therein, and the "spendthrift clause" on which he relies does not affect her rights, which exist by operation of law, and which do not depend on any action by the employee-husband in contravention of that clause.

■■■ The extent of the wife's interest, also, is decided by Busby v. Busby, above, and the decisions which it cites with approval. That interest is based on the proportion which the benefits earned during marriage bears to the total benefits earned during the entire period of employment, represented by the fraction $291/303$.

■■■ Appellant insists further that at the time of the divorce his rights under the retirement plan would be only those available under the "regular" early retirement plan, because his right to retire under the "special" early retirement provisions were dependent on the option of the employer, which did not approve this type of retirement until a year after the divorce.

Although appellant's argument that the wife's interest should not include these additional benefits is persuasive, in our opinion his rights to qualify for the special early retirement annuity were earned by his services, almost 25 years of which were during marriage. At the time of the divorce he had met the requirements making him eligible for this form of retirement, subject only to being matured by the exercise of the employer's option "upon retirement". The option was not exercisable until appellant's retirement, but his rights and

---

ployee was younger than 60 at retirement. Benefits were reduced after age 65, when social security benefits began.

Appellant husband voluntarily retired under a "special early retirement" plan by which retirement between the ages of 50 and 60 "at the option of his employer under mutually satisfactory conditions" entitled appellant to benefits upon actual retirement computed as if the retirement date was the "normal retirement date" reduced by a fixed percentage.

There was a "spendthrift clause" prohibiting transfer, encumbrance, alienation

or anticipation of funds payable under the plan.

Under the "special early retirement" provisions appellant was entitled to benefits of $240.30 per month until his 65th Birthday, and $129.80 per month thereafter until his death.

There was also a "regular early retirement" plan applicable to retirement before age 65 entitling the employee to an annuity beginning at age 65, but the amount was to be determined by considering only earnings and service before actual retirement.

eligibility had been earned at the time of the divorce.

Appellee is entitled to one-half of $^{291}\!/_{303}$ of the monthly annuity of $240.30 from April 1, 1967 until he attains age 65, and of the monthly annuity of $129.80 beginning March 1, 1982. Judgment is here rendered accordingly. The amount, $97.55 in the second paragraph of the judgment is deleted, and $^{291}\!/_{303}$ of $120.15 is substituted therefor. The figure $3,609.35 is deleted, and the computed product above for the accrued period is substituted. The amount $43.30 is deleted, and $^{291}\!/_{303}$ of $64.90 is substituted therefor. As modified the judgment is affirmed. Costs are taxed against appellant.