In the Matter of the MARRIAGE OF William D. RISTER and Jane L. Rister.

No. 8429.

Court of Civil Appeals of Texas, Amarillo.

June 28, 1974.

Rehearing Denied July 29, 1974.

Bass & Hobbs, Roy Bass and R. Byrn Bass, Jr., Lubbock, for appellant.

Garner, Boulter, Jesko & Purdom, Thomas J. Purdom, Lubbock, for appellee.

ROBINSON, Justice.

In the property division on divorce, the trial court awarded appellee wife a fractional part of appellant husband's retirement benefits if, as, and when paid. Appellant contends that the court erred in awarding appellee an interest in retirement benefits insofar as they had not accrued at the time of the divorce. The part of the judgment awarding appellee an interest in future retirement benefits is reversed and remanded.

Appellant William D. Rister was 43 years old at the time of the divorce. He went to work for Southwestern Bell Telephone Company in January, 1950. He married appellee, Jane L. Rister, on November 4, 1955. They were divorced on July 19, 1973. Thus, of the 282 months in pension benefits that accrued prior to the divorce 70 months accrued before his marriage to appellee and 212 months accrued during his marriage to appellee.

At the time of the divorce appellant was entitled to a pension payable if and only if he was alive at age 65. This pension is computed at one percent of the average annual earnings for the highest five consecutive years times the years of service. For the purpose of this trial Southwestern Bell calculated appellant's pension benefits as of May 1, 1973. If appellant had resigned as of May 1, 1973, his vested pension amount, computed as set forth above, and payable to him at age 65, would be $247.26 per month.

Such retirement and pension benefits are a mode of employee compensation. Lee v. Lee, 112 Tex. 392, 247 S.W. 828 (1923). An employee's interest in a retirement plan is an earned property right and the portion accruing during marriage constitutes community property. Busby v. Busby, 457 S.W.2d 551 (Tex.1970); Dessommes v. Dessommes, 505 S.W.2d 673 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.); Mora v. Mora, 429 S.W.2d 660 (Tex.Civ.App.—San Antonio 1968, writ dism'd). Appellant does not contend that the trial court did not have the authority to divide pension benefits accruing prior to the divorce. Appellant does contend that the trial court erred in computing the award to appellee. He argues that the judgment gives appellee property acquired after the divorce in that it gives her a portion of the increase in the pension caused by added years of future employment and because of increased earnings in the future.

An analysis of the formula used in Bell's pension plan to compute these pension benefits shows that the pension increases in direct proportion to years of service. All of the $247.26 per month pension now payable at age 65 has accrued as a result of services which appellant has rendered in the past prior to his divorce from appellee and is part of his compensation for those

services. If he remains in the service of Southwestern Bell, there will be a proportionate increase in pension benefits accruing as a result of and as compensation for that future service.

The second variable in computing the pension to be paid at 65 is "the average annual earnings for the highest five consecutive years." Thus, there will be an additional increase in pension accruing as a result of future wages to the extent that appellant receives wage increases that produce an increase in this five year average. In its findings of facts, the trial court found that appellant could expect raises in the near future.

The trial court awarded appellee an interest in all benefits appellant would receive under the retirement plan if, as, and when paid, equal to the fraction of 106 over the number of months which appellant has been working for the company at the time of his retirement. The fraction used by the trial court awards appellee an interest in the benefits proportionate to the months of marriage and would not have the effect of awarding benefits accruing after the divorce if appellant's average annual wage remained constant. However, to the extent that the benefits do increase as a result of future increased earnings, the formula used by the trial court has the effect of awarding benefits accruing to appellant after the divorce from appellee.

We hold that pension benefits accruing as compensation for services rendered after a divorce are not a part of the estate of the parties subject to division on divorce. See Section 3.63, Texas Family Code, Vernon's Texas Codes Annotated.

In the case before us the pension benefits increase annually and the benefits that have accrued at a given time can be computed with unusual accuracy. Prior to the divorce $247.26 per month of the pension anticipated at age 65 had accrued and constituted part of the estate of the par-

ties. Of that amount $70/_{282}$ accrued before the marriage of appellant and appellee and is the separate property of appellant. The remaining $212/_{282}$ of that amount accrued during the marriage of appellant and appellee and is a part of the community property.

The part of the judgment relating to division of pension benefits is reversed and remanded to the trial court for division of the pension benefits which we have found to be a part of the estate of the parties at the time of the divorce. The balance of the judgment is affirmed.