**In the Matter of the MARRIAGE OF Lillian C. GONGWER and Louis F. Gongwer.**

No. 8758.

Court of Civil Appeals of Texas, Amarillo.

July 18, 1977.
Rehearing Denied Aug. 15, 1977.

Stokes, Carnahan & Fields, Richard E. Stokes, Jr., Amarillo, for appellant.

Charles L. Ballman, Borger, for appellee.

ELLIS, Chief Justice.

In this appeal, Lillian C. Gongwer has challenged that portion of the trial court's divorce decree declaring 43.596729% of a retirement profit sharing trust as the separate property of Louis F. Gongwer. This percentage represented the ratio of the number of his years of employment before the marriage to the total number of his years of employment when he retired. We affirm the judgment of the trial court.

Louis F. Gongwer began working for J. M. Huber Corporation on September, 1945. He remained employed by Huber and was working for that company on January 2, 1959, when he married Lillian Gongwer. On August 31, 1975, Louis retired from Huber after 30 years of employment by the company. A little less than one year later, on June 16, 1976, Lillian and Louis were divorced.

During the years he worked for Huber, Louis participated in the Huber Profit Sharing Trust. This was one of Huber's retirement plans, and Louis' interest in the plan accumulated for 13 years, 4 months before he married, and 16 years, 8 months afterward. At the trial, however, Louis was unable to produce evidence of the specific amounts of money which had accrued in the trust fund before and during his marriage.[1] In dividing the marital property, the trial court found that 43.596729% of the $124,624.60 accumulated in the trust fund was Louis' separate property. The remaining 56.40328% was found to belong to the community estate. Accordingly, all Profit Sharing Trust proceeds received since the date of the hearing were ordered to be divided as follows: 43.596729% to Louis as his separate property, 28.20164% to Louis as his ½ share of the community interest, and 28.20164% to Lillian as her ½ share of the community interest. In supplemental findings, the court indicated that it would have divided the fund equally had it found that the entire fund was community property.

By two points of error, Lillian contends in her appeal that the evidence is (1) legally and (2) factually insufficient to support the trial court's finding that 43.596729% of the Profit Sharing Trust fund and benefits are Louis' separate property.

■ Interests in matured retirement plans and the benefits from these interests have been held to constitute property. *Herring v. Blakeley,* 385 S.W.2d 843 (Tex. 1965). If the retirement benefits were earned by either spouse during the marital relationship, they are part of the community estate and subject to division upon dissolution of the marriage even though the benefits may not have matured or become "vested" and are only contingency property rights at the time of the divorce. *Cearley v. Cearley,* 544 S.W.2d 661, 662 (Tex.1976). That portion of the benefits attributable to earnings accrued before marriage should be characterized as separate property. *In Re Marriage of Rister,* 512 S.W.2d 72 (Tex.Civ. App.-Amarillo 1974, no writ).

■ The trial court determined the community estate's share in the retirement fund as a fraction equal to the number of months Louis contributed to the fund while married divided by the total number of months Louis worked for the company. Thus, 56.40328% (200 months worked while married/360 total months worked) was held to be the community's interest in the fund and benefits. The remaining 43.596729% (160 months worked before marriage/360

---

1. Although Louis testified that he contributed a particular sum of $7,000 to the trust fund prior to the marriage, he did not demonstrate an accounting of such sum and any specific accruals thereto to establish that the same had not become commingled with community contributions made to the trust fund.

total months worked) was adjudged Louis' separate property interest in the fund. It is Lillian's position that the method used to apportion the benefits between Louis' separate estate and the community estate is improper and that Louis should have been required to trace the actual contributions to the fund he made before marriage to establish the extent of his separate property interest in the trust fund.

Although decisions rendered on the subject of division of retirement benefits, both military and private, have demonstrated varying results, a recent determination and guideline in this area is set out in the case of *Cearley v. Cearley, supra,* wherein the Texas Supreme Court affirmed a trial court's decision recognizing non-vested military retirement benefits as property, and making the adjudication that the wife in that case was entitled to one-half of the proportion of the benefits acquired during marriage (the ratio of years of marriage to the years of service). Following the same method for apportioning benefits in a divorce case involving unvested military retirement benefits is *Taggart v. Taggart,* 552 S.W.2d 422 (Tex.1977). *Also see: Busby v. Busby,* 457 S.W.2d 551 (Tex.1970). Other cases have approved the use of this method in cases involving private retirement plans. *In Re Marriage of Rister, supra; Angott v. Angott,* 462 S.W.2d 73 (Tex. Civ.App.-Waco 1970, no writ). This apportionment theory for determining community and separate interests in retirement benefits upon dissolution of the marriage has been said to do "substantial justice in determining the extent of a community-property interest which has vested during the marriage." *Dessommes v. Dessommes,* 505 S.W.2d 673, 681 (Tex.Civ.App.-Dallas 1975, writ ref'd n. r. e.). Also, see authorities therein cited. In our opinion, the case at bar is not distinguishable in any significant respect from those above cited wherein the apportionment theory was employed to determine the parties' interests.

We have concluded that the trial court's division and award of the retirement benefits in the instant case is sufficiently supported by the evidence, and no abuse of discretion has been established with respect to the trial court's judgment which was explicitly directed to the making of fair and just division of the property. Points 1 and 2 are overruled.

For the reasons above stated, the judgment of the trial court is affirmed.