COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-10-00313-CV |
| | § | Appeal from the |
| | § | |
| IN THE INTEREST OF M. M. III, M. A. M., AND M. A. M., CHILDREN. | § | 224th District Court |
| | § | of Bexar County, Texas |
| | § | (TC# 1994-CI-09324) |
| | § | |

## O P I N I O N

Milton McKenzie, Jr., appeals from the trial court's order denying his motion to clarify and/or modify a divorce decree. We affirm.[1]

## BACKGROUND

Milton and Lesa McKenzie married in 1982 and divorced in 1994. Throughout the twelve years of their marriage, Milton served in the United States Army, and he continued serving in the Army until his eventual retirement.

In the divorce decree, the trial court awarded Lesa an interest in Milton's military retirement benefits if, as, and when received. The decree specified Lesa's interest as follows:

> [O]ne half of twelve divided by the number of years of the United States Army's disposable retired or retainer pay to be paid as a result of MILTON McKENZIE, JR.'S service in the United States Army, and fifty percent of all increases in the United States Army's disposable retirement or retainer pay due to cost of living or other reasons . . . .

---

[1] The record reflects that the Texas Supreme Court transferred this case from the Fourth Court of Appeals to this Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

Milton retired from the Army in 2008, after serving 26 years. Shortly before he retired, Milton filed in the trial court a "Motion to Clarify and/or Modify Domestic Relations Order." *See* TEX. FAM. CODE ANN. § 9.006(a) (West 2006). Milton argued in his motion that the language in the divorce decree, quoted above, "fails in that it attempts to award [to Lesa] a portion of future-earned benefits."[2] He argued further that "[s]aid future benefits are [his] separate property" and may not lawfully be awarded to Lesa. He asked the trial court to amend the decree to prevent Lesa's "unjust enrichment."

In 2010 the trial court held an evidentiary hearing on Milton's motion to clarify and/or modify. At that hearing, Milton argued that the language in the divorce decree was ambiguous and that, because of that ambiguity, the Defense Finance and Accounting Service (DFAS) was erroneously overpaying Lesa and giving her "some of [his] separate property."[3] He asked the trial court to amend the decree to clarify "that what [Lesa is] awarded is only the community property portion" of his retirement benefits. The trial court denied Milton's motion to clarify and/or modify, explaining that it did not find the decree's language to be ambiguous. Milton then filed a motion for new trial, but the trial court denied that, too.

Milton now brings three issues before this Court, arguing that the trial court erred in denying his motion to clarify and/or modify. He argues, as he did below, that the language in the divorce decree is ambiguous and that DFAS's interpretation of it "has resulted in [Lesa] being awarded a

---

[2] In *Berry v. Berry*, 647 S.W.2d 945, 946 (Tex. 1983), the Texas Supreme Court held that "the community's interest in retirement benefits should be valued as of the date of divorce, as opposed to the time the benefits [are] actually received." In other words, the community property portion of retirement benefits is limited to that portion of the benefits that was earned (or "accrued") during the marriage. "'[P]ension benefits accruing as compensation for services rendered after a divorce are not a part of the estate of the parties subject to division on divorce.'" *Id*. at 947 (quoting *In re Marriage of Rister*, 512 S.W.2d 72, 74 (Tex.Civ.App.–Amarillo 1974, no writ)).

[3] It appears from the record that DFAS is the federal agency that pays out military retirement benefits.

portion of [his] disposable military retired pay that was accrued and earned after the termination of the marital relationship."

**DISCUSSION**

This case is not a direct appeal from the divorce decree in question. Therefore, we must determine not what the trial court should have ordered in the divorce decree but, if possible, what the trial court actually ordered. *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003). When interpreting a divorce decree, which is a type of judgment, we must apply the general rules regarding construction of judgments. *Wilde v. Murchie*, 949 S.W.2d 331, 332 (Tex. 1997). If the decree, read as a whole, is unambiguous as to the property's disposition, then we must effectuate the decree as written. *Id.* If the decree is ambiguous – i.e., subject to more than one reasonable interpretation – then we must review the record along with the decree to aid in its construction, and we must adopt the construction that correctly applies the law. *Shanks*, 110 S.W.3d at 447. Whether a divorce decree is ambiguous is a question of law. *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983).

As we noted above, the decree specifies Lesa's interest in Milton's military retirement benefits as follows:

> [O]ne half of twelve divided by the number of years of the United States Army's disposable retired or retainer pay to be paid as a result of MILTON McKENZIE, JR.'S service in the United States Army, and fifty percent of all increases in the United States Army's disposable retirement or retainer pay due to cost of living or other reasons . . . .

We conclude that this language is, when read with a bit of common sense, unambiguous. As we read the decree, it orders that Lesa's interest in Milton's military retirement benefits is "one half of twelve," i.e., six, "divided by the number of years" that Milton served in the Army, which, as it turned out, was 26, plus one-half of any cost of living increases that might be awarded after Milton's

3

retirement. Thus, the decree orders that Lesa's interest in Milton's military retirement benefits is 6/26, or 23.08 percent, plus one-half of any cost of living increases. Whether intentional or not, the court that rendered the divorce decree failed to limit Lesa's interest in Milton's military retirement benefits to a fraction of the community's interest in those benefits,[4] and instead awarded Lesa a fraction of the total amount to be paid to Milton.

Because the divorce decree was unambiguous, the trial court had no authority to enter an order altering or modifying the original disposition of property. *Shanks*, 110 S.W.3d at 449; TEX. FAM. CODE ANN. § 9.007(a) (West 2006). Thus, the trial court did not err in denying Milton's motion to clarify and/or modify. Milton's remedy for any substantive error of law in the divorce decree was by direct appeal, and he cannot now attack the decree collaterally. *Shanks*, 110 S.W.3d at 449.

## CONCLUSION

We overrule Appellant's issues and affirm the order of the trial court.

GUADALUPE RIVERA, Justice

January 18, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

---

[4] *See* footnote 2.