COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS









IN THE INTEREST OF M. M. III, M. A.
M., AND M. A. M., CHILDREN.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-10-00313-CV



Appeal from the


224th District Court


of Bexar County, Texas


(TC# 1994-CI-09324)



O P I N I O N


 Milton McKenzie, Jr., appeals from the trial court's order denying his motion to clarify
and/or modify a divorce decree. We affirm. (1)

BACKGROUND


 Milton and Lesa McKenzie married in 1982 and divorced in 1994. Throughout the twelve
years of their marriage, Milton served in the United States Army, and he continued serving in the
Army until his eventual retirement.

 In the divorce decree, the trial court awarded Lesa an interest in Milton's military retirement
benefits if, as, and when received. The decree specified Lesa's interest as follows:

 [O]ne half of twelve divided by the number of years of the United States Army's
disposable retired or retainer pay to be paid as a result of MILTON McKENZIE,
JR.'S service in the United States Army, and fifty percent of all increases in the
United States Army's disposable retirement or retainer pay due to cost of living or
other reasons . . . .


 Milton retired from the Army in 2008, after serving 26 years. Shortly before he retired,
Milton filed in the trial court a "Motion to Clarify and/or Modify Domestic Relations Order." See
Tex. Fam. Code Ann. § 9.006(a) (West 2006). Milton argued in his motion that the language in the
divorce decree, quoted above, "fails in that it attempts to award [to Lesa] a portion of future-earned
benefits." (2) He argued further that "[s]aid future benefits are [his] separate property" and may not
lawfully be awarded to Lesa. He asked the trial court to amend the decree to prevent Lesa's "unjust
enrichment."

 In 2010 the trial court held an evidentiary hearing on Milton's motion to clarify and/or
modify. At that hearing, Milton argued that the language in the divorce decree was ambiguous and
that, because of that ambiguity, the Defense Finance and Accounting Service (DFAS) was
erroneously overpaying Lesa and giving her "some of [his] separate property." (3) He asked the trial
court to amend the decree to clarify "that what [Lesa is] awarded is only the community property
portion" of his retirement benefits. The trial court denied Milton's motion to clarify and/or modify,
explaining that it did not find the decree's language to be ambiguous. Milton then filed a motion for
new trial, but the trial court denied that, too.

 Milton now brings three issues before this Court, arguing that the trial court erred in denying
his motion to clarify and/or modify. He argues, as he did below, that the language in the divorce
decree is ambiguous and that DFAS's interpretation of it "has resulted in [Lesa] being awarded a
portion of [his] disposable military retired pay that was accrued and earned after the termination of
the marital relationship."

DISCUSSION


 This case is not a direct appeal from the divorce decree in question. Therefore, we must
determine not what the trial court should have ordered in the divorce decree but, if possible, what
the trial court actually ordered. Shanks v. Treadway, 110 S.W.3d 444, 447 (Tex. 2003). When
interpreting a divorce decree, which is a type of judgment, we must apply the general rules regarding
construction of judgments. Wilde v. Murchie, 949 S.W.2d 331, 332 (Tex. 1997). If the decree, read
as a whole, is unambiguous as to the property's disposition, then we must effectuate the decree as
written. Id. If the decree is ambiguous - i.e., subject to more than one reasonable interpretation -
then we must review the record along with the decree to aid in its construction, and we must adopt
the construction that correctly applies the law. Shanks, 110 S.W.3d at 447. Whether a divorce
decree is ambiguous is a question of law. Coker v. Coker, 650 S.W.2d 391, 394 (Tex. 1983).

 As we noted above, the decree specifies Lesa's interest in Milton's military retirement
benefits as follows:

 [O]ne half of twelve divided by the number of years of the United States Army's
disposable retired or retainer pay to be paid as a result of MILTON McKENZIE,
JR.'S service in the United States Army, and fifty percent of all increases in the
United States Army's disposable retirement or retainer pay due to cost of living or
other reasons . . . .


 We conclude that this language is, when read with a bit of common sense, unambiguous. As
we read the decree, it orders that Lesa's interest in Milton's military retirement benefits is "one half
of twelve," i.e., six, "divided by the number of years" that Milton served in the Army, which, as it
turned out, was 26, plus one-half of any cost of living increases that might be awarded after Milton's
retirement. Thus, the decree orders that Lesa's interest in Milton's military retirement benefits is
6/26, or 23.08 percent, plus one-half of any cost of living increases. Whether intentional or not, the
court that rendered the divorce decree failed to limit Lesa's interest in Milton's military retirement
benefits to a fraction of the community's interest in those benefits, (4) and instead awarded Lesa a
fraction of the total amount to be paid to Milton.

 Because the divorce decree was unambiguous, the trial court had no authority to enter an
order altering or modifying the original disposition of property. Shanks, 110 S.W.3d at 449; Tex.
Fam. Code Ann. § 9.007(a) (West 2006). Thus, the trial court did not err in denying Milton's
motion to clarify and/or modify. Milton's remedy for any substantive error of law in the divorce
decree was by direct appeal, and he cannot now attack the decree collaterally. Shanks, 110 S.W.3d
at 449.

CONCLUSION


 We overrule Appellant's issues and affirm the order of the trial court.


 GUADALUPE RIVERA, Justice

January 18, 2012


Before McClure, C.J., Rivera, J., and Antcliff, J.

1. The record reflects that the Texas Supreme Court transferred this case from the Fourth Court of Appeals
to this Court. See Tex. Gov't Code Ann. § 73.001 (West 2005).
2. In Berry v. Berry, 647 S.W.2d 945, 946 (Tex. 1983), the Texas Supreme Court held that "the
community's interest in retirement benefits should be valued as of the date of divorce, as opposed to the time the
benefits [are] actually received." In other words, the community property portion of retirement benefits is limited to
that portion of the benefits that was earned (or "accrued") during the marriage. "'[P]ension benefits accruing as
compensation for services rendered after a divorce are not a part of the estate of the parties subject to division on
divorce.'" Id. at 947 (quoting In re Marriage of Rister, 512 S.W.2d 72, 74 (Tex.Civ.App.-Amarillo 1974, no writ)).
3. It appears from the record that DFAS is the federal agency that pays out military retirement benefits.
4. See footnote 2.